**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARLEAN AMES,** | : | |
| **Plaintiff,** | : | **CASE NO. 2:26-cv-00846** |
| **v.** | : | **JUDGE JAMES L. GRAHAM** |
| **STATE OF OHIO DEPARTMENT OF YOUTH SERVICES,** | : | **MAGISTRATE JUDGE S. COURTER M. SHIMEALL** |
| | : | |
| **Defendant.** | | |

**DEFENDANT STATE OF OHIO DEPARTMENT OF YOUTH SERVICES' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Ohio Department of Youth Services ("Defendant" or "DYS"), by and through counsel, files its Answer to Plaintiff Marlean Ames' First Amended Complaint ("Complaint," ECF No. 7). For the Court's convenience, Plaintiff Marlean Ames' ("Plaintiff") allegations are set forth verbatim with Defendant's response immediately following.

**JURISDICTION AND VENUE**

1. This action is brought pursuant to Title VII of the Civil Rights of 1964, as amended, alleging retaliation for Plaintiff exercising her right to file a Complaint in a court of law and before the EEOC and before the Ohio Civil Rights Commission (OCRC).

   **ANSWER**: As to ¶ 1, Defendant admits only that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, as amended. Defendant denies that it engaged in any unlawful employment practices or retaliated against Plaintiff for filing any complaint in court or with the EEOC or the OCRC. Except as expressly admitted herein, Defendant denies all remaining allegations in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

2. The employment practices are alleged to be unlawful employment practice within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

**ANSWER:** As to ¶ 2, Defendant admits only that Plaintiff seeks to invoke the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division. Defendant denies the allegation that any employment practices it engaged in were unlawful. Except as expressly admitted herein, Defendant denies all remaining allegations contained in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

3. On July 15, 2025, Plaintiff filed its initial retaliation charge before the Ohio Civil Rights Commission and the EEOC (dual charge, see Exhibit 2).

**ANSWER:** As to ¶ 3, Defendant admits only that Plaintiff filed a charge of retaliation with the Ohio Civil Rights Commission on or about July 15, 2025. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff dual filed her charge of retaliation with the Equal Employment Opportunity Commission, and therefore, on that basis, denies that allegation. Defendant further denies all allegations of retaliation or unlawful conduct alleged in the filing. Except as expressly admitted herein, Defendant denies the remaining allegations in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

4. Plaintiff received a Right to Sue Letter from OCRC dated December 18, 2025 (see attached Exhibit 5).

**ANSWER:** As to ¶ 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to when Plaintiff received any Right to Sue letter from the Ohio Civil Rights Commission, and therefore, on that basis, denies the allegations in this paragraph. Defendant denies all remaining allegations contained in this paragraph, denies all allegations of retaliation or unlawful conduct alleged in the charge filing, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

5. Plaintiff also received a Right to Sue letter from EEOC on April 29, 2026 (see Exhibit 4.)

**ANSWER:** As to ¶ 5, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph and therefore, on that basis, denies the allegations contained in this paragraph. Defendant further denies all allegations of retaliation or unlawful conduct alleged in the charge filing, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

6. Plaintiff is further alleging that retaliation accelerated and continued after its initial charge of retaliation on July 15, 2026.

**ANSWER:** As to ¶ 6, Defendant denies the allegations therein.

7. Therefore, Plaintiff filed a second dual [charge] with the Ohio Civil Rights Commission and EEOC on March 24, 2026 (see Exhibit 3).

**ANSWER:** As to¶ 7, Defendant admits only that Plaintiff filed a charge with the Ohio Civil Rights Commission on or about March 24, 2026. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff dual filed her charge with the Equal Employment Opportunity Commission, and therefore, on that basis, denies that allegation. Defendant further denies all allegations of retaliation or unlawful conduct alleged in the filing. Except as expressly admitted herein, Defendant denies the remaining allegations in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

8. Plaintiff received a Right to Sue letter from OCRC on or about August 3, 2026 (mailed on July 30, 2026). See Exhibit 7. Plaintiff further received the EEOC Right to Sue letter on or about August 3, 2026. See Exhibit 8. All are incorporated as if fully rewritten herein.

**ANSWER:** As to ¶ 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore, on that basis, denies the allegations. Answering further, Defendant denies that such document supports Plaintiff's claims, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

9. Plaintiff further states that the retaliation continued and accelerated; therefore, Plaintiff filed a third charge (dual charge with the EEOC and OCRC) on July 13, 2026 (see Exhibit 6).

**ANSWER:** As to ¶ 9, Defendant admits only that Plaintiff filed a charge with the Ohio Civil Rights Commission on or about July 13, 2026. Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations that Plaintiff dual filed her charge with the Equal Employment Opportunity Commission, and therefore, on that basis, denies that allegation. Defendant further denies all allegations of retaliation or unlawful conduct alleged in the filing. Except as expressly admitted herein, Defendant denies the remaining allegations in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

10. Plaintiff received the EEOC Right to Sue letter on or about August 28, 2026 (mailed on August 26, 2026). See Exhibit 9. Plaintiff states that the OCRC Right to Sue letter, although requested, has not, to date, been received. Pursuant to Ohio Revised Code 4112.05 l(N) and Ohio Administrative Code 4112-3-118(B), the OCRC is expected to issue their Right to Sue letter in the near future, at which time Plaintiff will simply add said charge to this Complaint.[1]

**ANSWER:** As to ¶ 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, on that basis, denies the allegations. Answering further, Defendant denies that such documents support Plaintiff's claims, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

---

[1] For judicial efficiency, and to reduce costs, Plaintiff is including all three charges of retaliation in this Complaint and requests that said charges be litigated together.

**ANSWER to FN 1:** To the extent a response is required, Defendant denies the allegations contained in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

11. Plaintiff states that the original charge of retaliation is filed within the ninety days to obtain federal jurisdiction.

**ANSWER:** As to ¶ 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, on that basis, denies the allegations. Defendant further denies all allegations of retaliation or unlawful conduct alleged in this paragraph or in the charge filing, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

12. Plaintiff further states that jurisdiction and venue is claimed under 28 USC §1331, §1343, and §1367.

**ANSWER:** As to ¶ 12, Defendant admits only that Plaintiff seeks to invoke jurisdiction and venue under 28 USC §1331, §1343, and §1367. Except as expressly admitted herein, Defendant denies all remaining allegations contained in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

13. Plaintiff further raises claims under §4112 of the Ohio Revised Code, alleging retaliation and other claims.

**ANSWER**: As to ¶ 13, Defendant admits only that Plaintiff purports to raise claims under §4112 of the Ohio Revised Code for retaliation and other claims. Except as expressly admitted herein, Defendant denies all remaining allegations contained in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

14. Plaintiff further alleges that the amounts of the allegations are within the court's jurisdiction.

ANSWER: As to ¶ 14, Defendant admits only that Plaintiff purports to allege that "the amounts of the allegations are within the Court's jurisdiction." Except as expressly admitted herein, Defendant denies all remaining allegations contained in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

## PARTIES

15. Plaintiff reincorporates, by reference, the allegations set forth above, as if fully rewritten herein.

**ANSWER:** As to ¶ 15, Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

16. Plaintiff Marlean Ames is a US citizen, and resides in Summit County, Akron, Ohio.

**ANSWER:** As to ¶ 16, Defendant admits, upon information and belief, the allegations contained therein.

17. Defendant states the Ohio Department of Youth Services is a state agency, charged with responsibility of confining and rehabilitating juveniles (known as DYS).

**ANSWER**: As to ¶ 17, Defendant admits that the Ohio Department of Youth Services is a state agency with responsibility of confining and rehabilitating juveniles (known as DYS). Defendant denies the allegations not expressly admitted herein.

18. DYS further hires staff to complete its mission.

**ANSWER:** As to ¶ 18, Defendant admits the allegations contained therein.

19. Plaintiff further states that [at] all relevant times, DYS was Plaintiff's employer.

**ANSWER:** As to ¶ 19, Defendant admits the allegations contained therein.

## STATEMENT OF THE FACTS

20. Plaintiff incorporates all of the above allegations set forth as if fully rewritten herein.

**ANSWER:** As to ¶ 20, Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

21. Plaintiff states that approximately 38 years ago, she was originally employed by Defendants as a secretary, and over the years, received numerous promotions.

**ANSWER:** As to ¶ 21, Defendant admits Plaintiff's assertion that she was originally employed with Defendant as a secretary, and she received promotions. Defendant denies the remaining allegations contained in ¶ 21.

22. Further, Plaintiff's job evaluations have been stellar. Plaintiff finally was raised to the position of CCF PREA Administrator. See Exhibit #1 (position description).

**ANSWER:** As to ¶ 22, Defendant denies that Plaintiff holds the position of CCF PREA Administrator, and that the position description (ECF No. 7-1 at PageID 82) attached to the Complaint (ECF No. 7) is current or correct for the position Plaintiff holds. Defendant denies the remaining allegations contained in ¶ 22.

23. Plaintiff states that while employed by Defendants, she became the victim of gender/heterosexual discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:** As to ¶ 23, Defendant denies the allegations contained in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

24. Plaintiff filed a charge with the United States Equal Employment Opportunity Commission (EEOC).

**ANSWER:** As to ¶ 24, Defendant admits only that Plaintiff filed a charge with the United States Equal Employment Opportunity Commission. Except as expressly admitted herein, Defendant denies all remaining allegations contained in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

25. EEOC, on or about April 20, 2020, filed probable cause of discrimination.

**ANSWER:** As to ¶ 25, Defendant denies the allegations contained therein.

26. Thereafter, Plaintiff filed a complaint in US District Court, Southern District of Ohio, on November 18, 2020, under case no.: 2-20-cv-05935.

**ANSWER:** As to ¶ 26, Defendant admits the allegations contained therein.

27. This case has a long history and received substantial public scrutiny, press attention and

was a topic of discussion at all levels of Defendant's business.

ANSWER: As to ¶ 27, Defendant admits that Case No. 2-20-cv-05935 received press attention. Defendant denies the remaining allegations contained in ¶ 27.

28. This case was originally dismissed by the US District Court and affirmed by the US 6th Circuit Court of Appeals.

**ANSWER:** As to ¶ 28, Defendant admits the allegations as to Case No. 2-20-cv-05935.

29. This case was ultimately reversed and remanded unanimously by the US Supreme Court on or about June 6, 2025 (see Supreme Court Case No.: 20-1039, June 5, 2025).

**ANSWER**: As to ¶ 29, Defendant admits that US Supreme Court Case No. 20-1039 was unanimously decided on June 5, 2025, and that the remand was issued on July 7, 2025. Defendant denies the remaining allegations contained in ¶ 29.

30. All Defendant supervisors were informed and were aware of Plaintiffs complaints of discrimination and were aware of the fact that she pursued the matter through the US Supreme Court.

**ANSWER:** As to ¶ 30, Defendant denies the allegations contained therein.

31. As a direct result of Plaintiffs pursuit of her claim of discrimination, Plaintiff has now become the victim of substantial and repeated retaliation, all in violation of Title VII of the Civil Rights Act of 1964, and in violation of 4112 of the Ohio Revised Code.

**ANSWER:** As to ¶ 31, Defendant denies the allegations contained therein.

32. Plaintiff states that her job description requires that she conduct certain quality assurance analyses and evaluations in state facilities run by the Ohio Department of Youth Services, specifically:

> "Conducts quality assurance for the CCFs, analyzes and evaluates procedures and policies and makes recommendations to resolve problem areas; develops and implements quality assurance tools to track and monitor PREA incidents and investigations to ensure compliance with DYS policies and procedures and federal regulations; prepares audit reports; completes special projects as assigned; conducts site visits to all CCF facilities on a routine basis as identified by Central Office PREA Administrator and holds exit conferences with site managers (e.g., site inspections, observations of youth and staff, reviews files, ensures availability to phones and grievance forms, and compliance with PREA Standards and agreements with DYS); completes site visit reports in a timely manner; provides specific written feedback on any areas of deficiency and assists the sites in the development of corrective action plans; follows up with reasonable time to ensure compliance with corrective action plans. Assists in preparation of PREA Reaccreditation Audits and support during audits. Provides Post Incident Support to Community Facilities." (See Exhibit 1).

**ANSWER:** As to ¶ 32, Defendant admits only that Plaintiff's position description requires her to conduct quality assurance for Ohio Department of Youth Services Community Correctional Facilities. Defendant denies that the position description (ECF No. 7-1 at PageID 82) attached to the Complaint (ECF No. 7) is current or correct for the position Plaintiff holds, and therefore, on that basis, denies the quoted language and the remaining

allegations contained in ¶ 32.

33. Plaintiff states that within days of the US Supreme Court unanimously reversing the prior courts' in favor of Plaintiff, at the direction of the department heads, she was retaliated against by the Chief Staff Supervisor, Leon Hill, and the Deputy Director of the Ohio Department of Youth Services, Chris Freeman, by being ordered to report to Indian River in Massillon, OH, and given one limited access key to the administrative site.

**ANSWER:** As to ¶ 33, Defendant denies the allegations contained therein.

34. She was advised that she was only to come and go through one entrance and was confined to the administrative site room.

**ANSWER:** As to ¶ 34, Defendant denies the allegations contained therein.

35. Plaintiff was denied access to most of the facility. Thus, not allowed to perform the essential functions of her job.

**ANSWER:** As to ¶ 35, Defendant denies the allegations contained therein.

36. Plaintiff was denied a "key 55" (all other employees had a "key 55"). That allows access through the facility; however, Plaintiff was intentionally denied the opportunity to complete her duties and denied access to the entire work facility.

**ANSWER:** As to ¶ 36, Defendant denies the allegations contained therein.

37. Plaintiff became the subject of jokes, isolation, and general humiliation based upon direct

orders of supervisors of the Ohio Department of Youth Services all in retaliation for her prior lawsuit.

**ANSWER:** As to ¶ 37, Defendant denies the allegations contained therein.

38. Plaintiff, on or about July 15, 2025, filed a charge with the Ohio Civil Rights Commission and the EEOC, alleging retaliation. See Exhibit #2.

**ANSWER:** As to ¶ 38, Defendant admits only that Plaintiff filed a charge of retaliation with the Ohio Civil Rights Commission on or about July 15, 2025. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff dual filed her charge of retaliation with the Equal Employment Opportunity Commission, and therefore, on that basis, denies that allegation. Defendant further denies all allegations of retaliation or unlawful conduct alleged in the filing. Except as expressly admitted herein, Defendant denies the remaining allegations in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

39. Plaintiff was not allowed to complete the essential functions of her position.

**ANSWER:** As to ¶ 39, Defendant denies the allegations contained therein.

40. Further, other employees were advised not to have communications with Plaintiff, further hampering her ability to perform the essential functions of her job.

**ANSWER:** As to ¶ 40, Defendant denies the allegations contained therein.

41. Further, Plaintiff states that in late 2025, the position of PREA Administrator became available.

**ANSWER:** As to ¶ 41, Defendant admits the allegation that the position of PREA Administrator became available in 2025. Defendant denies the remaining allegations contained in ¶ 41.

42. Said position was a direct supervisor position of which Plaintiff was well-qualified.

**ANSWER:** As to ¶ 42, to the extent "direct supervisor position" is intended to mean the PREA Administrator position was a supervisory role, Defendant admits the allegation. Defendant denies the remaining allegations contained in ¶ 42.

43. Plaintiff applied for said position.

**ANSWER:** As to ¶ 43, Defendant admits that Plaintiff applied for the position of PREA Administrator. Defendant denies the remaining allegations contained in ¶ 43.

44. Plaintiff states that on or about February 5, 2026, she, along with three other applicants, sat for interviews for the PREA Administrative opening (interviews are part of the normal required process).

**ANSWER:** As to ¶ 44, Defendant admits that Plaintiff and three other applicants were interviewed for the PREA Administrator position. Answering further, Defendant avers that Plaintiff and three other applicants were interviewed on February 6, 2026 and that interviews can be part of the process for selecting applicants. Except as expressly admitted herein, Defendant denies the allegations contained in ¶ 44.

45. Plaintiff states she was the only qualified candidate and the only certified "PREA auditor" (this allows Plaintiff to complete both state and federal audits).

**ANSWER:** As to ¶ 45, Defendant denies the allegations contained therein.

46. Plaintiff was advised by her supervisors that she had done a great job in the interview process.

**ANSWER:** As to ¶ 46, Defendant denies the allegations contained therein.

47. She was well-prepared and articulate at the interview.

**ANSWER:** As to ¶ 47, Defendant admits that Plaintiff was interviewed but denies the remaining allegations contained therein.

48. No other candidates had the qualifications and the background of Plaintiff.

**ANSWER:** As to ¶ 48, Defendant denies the allegations contained therein.

49. However, based upon Plaintiffs prior litigation against Defendants, Defendants refused to place Plaintiff in said position, all in retaliation for her charge previously filed and lawsuit previously filed and currently pending.

**ANSWER:** As to ¶ 49, Defendant denies the allegations contained therein.

50. Plaintiff, on March 24th, 2026, filed a charge with the Ohio Civil Rights Commission and EEOC. See Exhibit #3.

**ANSWER:** As to ¶ 50, Defendant admits only that Plaintiff filed a charge of retaliation with the Ohio Civil Rights Commission on or about March 24, 2026. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff dual filed her charge of retaliation with the Equal Employment Opportunity Commission, and therefore, on that basis, denies that allegation. Defendant further denies all allegations of retaliation or unlawful conduct alleged in the filing. Except as expressly admitted herein, Defendant denies the remaining allegations in this paragraph, denies liability, and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

51. Plaintiff has recently become aware that the PREA administrator position was recently given to Jordan Argus, who never applied for the position, never interviewed for the position.

**ANSWER:** As to ¶ 51, Defendant denies that the PREA Administrator position was recently given to Dr. Jordan Argus. Defendant admits that Dr. Argus did not apply for or interview for the PREA Administrator position. Defendant denies the remaining allegations contained in ¶ 51.

52. In fact, Argus was on the interviewing panel.

**ANSWER:** As to ¶ 52, Defendant admits that Dr. Jordan Argus was on the interview panel for the PREA Administrator position.

53. Argus does not have the necessary qualifications for this job.

**ANSWER:** As to ¶ 53, Defendant denies the allegations therein.

54. Argus is far less qualified than Plaintiff.

**ANSWER:** As to ¶ 54, Defendant denies the allegations contained therein.

55. In retaliation for filing her original complaint, Defendants retaliated against Plaintiff by appointing Argus to the position of PREA administrator.

**ANSWER:** As to ¶ 55, Defendant denies the allegations contained therein.

56. Further, Plaintiff states that she has been constantly denied overtime pay and overtime bonuses, all in direct retaliation for Plaintiffs exercise of her protected activities, while others, who have not moved forward with any type of lawsuit, are regularly given overtime and overtime bonus (i.e., working as JCO in the low staffing locations).

**ANSWER:** As to ¶ 56, Defendant denies the allegations contained therein.

57. Furthermore, the Defendants have practiced a plan to isolate Plaintiff.

**ANSWER:** As to ¶ 57, Defendant denies the allegations contained therein.

58. For example, Plaintiff recently was completely removed from the state office buildings.

**ANSWER:** As to ¶ 58, Defendant denies the allegations contained therein.

59. Plaintiff is currently assigned to the Summit County Juvenile Court and has an office at the Summit County Juvenile Court.

**ANSWER:** As to ¶ 59, Defendant admits that Plaintiff has an office at the Summit County Juvenile Court. Defendant denies the remaining allegations contained in ¶ 59.

60. Plaintiff has been removed from all State of Ohio facilities.

**ANSWER:** As to ¶ 60, Defendant denies the allegations contained therein.

61. On information and belief, no other State of Ohio employees in Ohio Department of Youth Services have been removed from state offices except for Plaintiff.

**ANSWER:** As to ¶ 61, Defendant denies the allegations contained therein.

62. Plaintiff is intentionally isolated and kept from other state employees, all in an effort to retaliate against Plaintiff for pursuing her court/administrative cases.

**ANSWER:** As to ¶ 62, Defendant denies the allegations contained therein.

63. Plaintiff states that as a result of the isolation, her essential job functions are much harder and difficult to complete.

**ANSWER:** As to ¶ 63, Defendant denies the allegations contained therein.

64. Plaintiff states that there is no reasonable reason why she should be isolated in an office away from the state of Ohio facilities.

**ANSWER:** As to ¶ 64, Defendant denies that Plaintiff has been isolated in an office away from state of Ohio facilities and denies all remaining allegations contained therein.

65. Plaintiff states that she engaged in protected activities, i.e. filing of OCRC, EEOC charges, as well as complaints in a court of law (see Exhibits 4, 5, and 6).

**ANSWER:** As to ¶ 65, Defendant admits only that Plaintiff has engaged in protected activities but denies the allegations contained in the charges or complaints. Answering further, Defendant denies that it violated any laws, that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

66. Plaintiff states Defendants are fully aware of Plaintiffs filings and Defendants object to Plaintiffs exercise of her protected activity.

**ANSWER:** As to ¶ 66, Defendant admits only that it is aware of Plaintiff's filings but denies the allegations contained in the charges or complaints. Answering further, Defendant denies that it objects to Plaintiff's exercise of her protected activity, violated any laws, that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

67. Said actions of the Defendants have an adverse action on Plaintiff, in that she cannot fully complete the essential functions of her job and said action has had an economic impact on her.

**ANSWER:** As to ¶ 67, Defendant denies the allegations contained therein.

68. Plaintiff is further suffering from pain, suffering, anguish, and post-traumatic stress disorder.

**ANSWER:** As to ¶ 68, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations to verify Plaintiff's claimed medical or

psychological conditions and therefore, on that basis, denies the allegation. Defendant further denies that it violated any laws, that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

69. Plaintiff states that all of the injuries of Plaintiff, both financial and mental, are directly tied to Plaintiffs protected activity, thus retaliation.

**ANSWER:** As to ¶ 69, Defendant denies the allegations contained therein.

70. Plaintiff further states that she has received a Right to Sue letter from the EEOC, on or about April 29, 2026. See Exhibit #4.

**ANSWER:** As to ¶ 70, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, on that basis, denies the allegation contained therein.

71. Plaintiff states that she has also received a Right to Sue letter from the OCRC dated May 22nd, 2026. See Exhibits #5 and #6.

**ANSWER:** As to ¶ 71, Defendant denies that Exhibit 5 (ECF 7-1, PageID 91) is an OCRC Right to Sue letter dated May 22, 2026, and denies that Exhibit 6 (ECF 7-1, PageID 92) is an OCRC Right to Sue letter. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, on that basis, denies the allegations contained therein.

72. Plaintiff states this complaint is filed within the Statutory time period.

**ANSWER:** As to ¶ 72, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, on that basis, denies the allegations contained therein.

73. Plaintiff further states that as a continuing pattern of retaliation against Plaintiff for filing her initial complaint, Plaintiff states that the Defendants have continued to commence a pattern of inappropriate discipline toward Plaintiff by disciplining Plaintiff for driving a state vehicle.

**ANSWER:** As to ¶ 73, Defendant denies the allegations contained therein.

74. Plaintiff, in her 38 years of employment with Defendants, has never been disciplined for any offenses.

**ANSWER:** As to ¶ 74, Defendant denies that Plaintiff has been employed by Defendant for 38 years. Answering further, Defendant admits that Plaintiff has never been disciplined during her employment with Defendant. Defendant denies the remaining allegations contained in ¶ 74.

75. However, Defendants are attempting to start retaliatory disciplinary procedures against Plaintiff for ambiguous and ridiculous reasons.

**ANSWER:** As to ¶ 75, Defendant denies the allegations contained therein.

76. For example, Plaintiff, from 2014 to 2018, was assigned a state vehicle.

**ANSWER:** As to ¶ 76, Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegations and therefore, on that basis, denies the allegations contained therein.

77. In 2018, Plaintiff returned the state vehicle without any issues.

**ANSWER:** As to ¶ 77, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, on that basis, denies the allegations contained therein.

78. However, on or about February of 2024, Plaintiff was assigned another state vehicle. (Plaintiff always uses car cruise control).

**ANSWER:** As to ¶ 78, Defendant admits that in 2024, Plaintiff was assigned a state vehicle. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth that Plaintiff always uses car cruise control, and therefore, on that basis, denies the allegations contained therein. Defendant denies the remaining allegations contained therein.

79. Plaintiffs duties, which are attached as Exhibit 1, require Plaintiff to travel all over the state of Ohio to perform her essential duties.[2]

**ANSWER:** As to ¶ 79, Defendant admits only that travel throughout the state of Ohio is required. Defendant denies that the position description (ECF No. 7-1 at PageID 82)

---

[2] Plaintiff, on numerous occasions, has been contracted with the federal government and provides PREA functions for federal facilities all over the country.

**ANSWER to FN 2:** Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore, on that basis, denies the allegations contained therein.

attached to the Complaint (ECF No. 7) is current or correct for the position Plaintiff holds, and therefore, on that basis, denies the remaining allegations contained in ¶ 79.

80. On or about July 3, 2026, Plaintiff was approached by her supervisor, indicating that there was a record of Plaintiff speeding while traveling to certain facilities in the state of Ohio while driving the state vehicle.

**ANSWER:** As to ¶ 80, Defendant admits that Plaintiff received a supervisory conference on July 1, 2026 regarding her record of speeding in a state vehicle. Except as expressly admitted herein, Defendant denies the remaining allegations in ¶ 80.

81. Plaintiff was advised that on June 23, 2026, according to "telematics" she was driving 68 miles per hour in a 55 miles per hour zone for two minutes.

**ANSWER:** As to ¶ 81, Defendant admits the allegations contained therein.

82. Further, recently, on or about June 23, 2026, she was driving 55 miles per hour in a 45 mile per hour zone for four minutes, and on June 23, 2026, she was driving 61 miles per hour in a 45 miles per hour zone for three minutes. (Plaintiff was never stopped or cited by any law enforcement officers and always uses cruise control).

**ANSWER:** As to ¶ 82, Defendant denies the allegations that on or about June 23, 2026, Plaintiff was driving 55 miles per hour in a 45 mile per hour zone for four minutes, and on June 23, 2026, she was driving 61 miles per hour in a 45 miles per hour zone for three minutes. Defendant avers that on June 25, 2026, Plaintiff was driving 58 miles per hour in a 45 mile per hour zone for four minutes and on June 25, 2026, Plaintiff was driving 61

miles per hour in a 45 miles per hour zone for three minutes. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Plaintiff was never stopped or cited by any law enforcement officers and whether Plaintiff always uses cruise control and therefore, on that basis, denies these allegations.

83. As a result of the "speeding," she was given a "supervisory conference," which is the first step towards termination. This is the first disciplinary action that Plaintiff has received in her 38 years of service to the state of Ohio.

**ANSWER:** As to ¶ 83, Defendant admits that as a result of speeding, Plaintiff received a supervisory conference. Defendant denies that Plaintiff has been employed by the state of Ohio for 38 years, that a supervisory conference is a disciplinary action, and that a supervisory conference is the first step towards termination. Defendant is without knowledge or information sufficient to form a belief as to truth of whether Plaintiff has received disciplinary actions in her 38 years of employment elsewhere, and therefore, on that basis, denies the allegations.

84. A third step is a warning, a fourth step is suspension, and finally termination.

**ANSWER:** As to ¶ 84, Defendant denies the allegations contained therein.

85. Plaintiff states these rules for speeding are not published; they are oral, and none of these rules were provided to Plaintiff.

**ANSWER:** As to ¶ 85, Defendant denies the allegations contained therein.

86. Further, Plaintiff uses her GPS, the state speedometer, and the state uses a form of telematics, which is not calibrated.

**ANSWER:** As to ¶ 86, Defendant admits that it uses telematics equipment and data. As to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, on that basis, denies the allegations.

87. Plaintiff states that all three types of measurement of speed will come up as a different speed.

**ANSWER:** As to ¶ 87, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, on that basis, denies the allegations.

88. For example, if Plaintiff is driving 60 miles per hour through her GPS/cruise control, it could register on her speedometer as 65 miles per hour, and on the telematics, it could come up as 62 miles per hour.

**ANSWER:** As to ¶ 88, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, on that basis, denies the allegations.

89. Since the system is not calibrated, the speed is not verified or proven accurate.

**ANSWER:** As to ¶ 89, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, on that basis,

denies the allegations.

90. Plaintiff, fearing that the Defendants are further retaliating against her, requested to turn the state vehicle in. All other state employees are given this option.

**ANSWER:** As to ¶ 90, Defendant admits that Plaintiff requested to turn her state vehicle in. Answering further, Defendant denies all allegations of retaliation or unlawful conduct and denies the remaining allegations in this paragraph.

91. However, Defendants refused.

**ANSWER:** As to ¶ 91, Defendant denies the allegations contained therein.

92. Under policy and procedure, state employees can use their own vehicles as long as they pay for their own wear and tear on the vehicle and gas.

**ANSWER:** As to ¶ 92, Defendant denies the allegations contained therein.

93. Plaintiff had used her own vehicle for a number of years, but Defendants, knowing that Plaintiff could be denied promotions, if there is any type of discipline on her record, refused to accept the state car and are demanding that Plaintiff continue to use the state car so that she can be disciplined at their will for alleged speeding. On information and belief, Plaintiff is the only state employee so treated.

**ANSWER:** As to ¶ 93, Defendant denies the allegations contained therein.

94. Plaintiff states Defendant is making up the speeding allegation in an effort to deny Plaintiff

future promotions. (By setting a trap, Defendants are retaliating against Plaintiff as a result of her original lawsuit).

**ANSWER:** As to ¶ 94, Defendant denies the allegations contained therein.

95. Plaintiff states that the actions of the Defendants are causing severe emotional distress and anxiety.

**ANSWER:** As to ¶ 95, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, on that basis, denies the allegations.

96. Plaintiff states that all the above actions of the Defendants are based upon retaliation against Plaintiff for exercising her Constitutional rights by filing the original lawsuit against Defendants. Further, the lack of notice and arbitrary compliance with the rules and regulations is clearly a violation of Plaintiff's constitutional rights to due process and equal protection.

**ANSWER:** As to ¶ 96, Defendant denies the allegations contained therein.

97. The retaliation against Plaintiff is constant and increasing.

**ANSWER:** As to ¶ 97, Defendant denies the allegations contained therein.

98. First, Plaintiff was denied a key 55 and denied an opportunity to fully complete the essential functions of her position.

**ANSWER:** As to ¶ 98, Defendant denies the allegations contained therein.

99. Second, Plaintiff was denied a promotion, of which she was fully qualified. Said promotion was given to an individual in violation of policy and procedure, who did not even apply to the position.

**ANSWER:** As to ¶ 99, Defendant denies the allegations contained therein.

100. Third, Plaintiff has been denied opportunity to obtain overtime.

**ANSWER:** As to ¶ 100, Defendant denies the allegations contained therein.

101. Fourth, Plaintiff has been removed from all state offices and placed in a small, obscure location in Juvenile Court in Summit County.

**ANSWER:** As to ¶ 101, Defendant admits that Plaintiff has an office at the Summit County Juvenile Court. Defendant denies the remaining allegations contained in ¶ 101.

102. Fifth, Plaintiff has been isolated from other employees, and the employees are being advised not to have contact with Plaintiff.

**ANSWER:** As to ¶ 102, Defendant denies the allegations contained therein.

103. Finally, Plaintiff has been disciplined for alleged speeding in a state vehicle and has been inappropriately disciplined.

**ANSWER:** As to ¶ 103, Defendant admits that Plaintiff received a supervisory conference for speeding in a state vehicle. Defendant denies the remaining allegations contained in ¶ 103.

104. Plaintiff has attempted to return her car, and has, at her own expense, been using her own vehicle.

**ANSWER:** As to ¶ 104, Defendant admits that Plaintiff returned her assigned state car and now uses her personal vehicle for work travel. Defendant denies the remaining allegations contained in ¶ 104.

105. All of the above are unusual circumstances and are clearly circumstances that apply only to Plaintiff.

**ANSWER:** As to ¶ 105, Defendant denies the allegations contained therein.

106. Plaintiff has resisted and objected to said actions by filing OCRC claims.

**ANSWER:** As to ¶ 106, Defendant admits only that Plaintiff filed OCRC claims. Defendant denies that Plaintiff had a valid basis to object or resist and therefore denies all remaining allegations in ¶ 106.

107. However, the more claims Plaintiff files, the more blatant the retaliation.

**ANSWER:** As to ¶ 107, Defendant denies the allegations contained therein.

108. Now, the Defendants have Plaintiffs on a yellow brick road to termination after 38 years of service with no disciplinary action on her records,

**ANSWER:** As to ¶ 108, Defendant denies the allegations contained therein.

109. Plaintiff now finds herself in a position of constant and steady retaliation.

**ANSWER:** As to ¶ 109, Defendant denies the allegations contained therein.

110. If this court does not act, Plaintiff will be ultimately terminated all in retaliation for her original charge.

**ANSWER:** As to ¶ 110, Defendant denies the allegations contained therein.

## **FEDERAL CLAIMS**

## **FIRST CAUSE OF ACTION**

**(Title VII Retaliation)**

111. Plaintiff incorporates all of the above allegations and Exhibits as if fully rewritten herein.

**ANSWER:** As to ¶ 111, Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

112. Plaintiff states that the Defendant retaliated against Plaintiff through its supervision and procedures noted above in the Statement of the Facts, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:** As to ¶ 112, Defendant denies the allegations contained therein.

113. WHEREFORE, Plaintiff demands compensation for pain, suffering, anguish, and humiliation, in the amount of $500,000.00, attorney fees, costs, and any other equitable relief, along with promotion in the position she is entitled to, along with an injunction against any further acts.

**ANSWER:** As to ¶ 113, Defendant denies the allegations contained therein.

## SECOND CAUSE OF ACTION

### (Title VII- Hostile Work Environment)

114. Plaintiff incorporates all of the above allegations and exhibits into this Cause of Action as if fully rewritten herein, along with the Exhibits.

**ANSWER:** As to ¶ 114, Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

115. Plaintiff states that the actions of the Defendant's supervisors, with the support and knowledge, and approval of management, does establish an atmosphere of degrading, belittling, and reassigning Plaintiff, all as a result of her previous charge of discrimination is clearly in retaliation and violation of Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:** As to ¶ 115, Defendant denies the allegations contained therein.

116. WHEREFORE, Plaintiff demands compensatory damages inclusive of back pay, pain, suffering, anguish, and humiliation, promotion to the proper position to which she is entitled, along with the amount of $200,000.00, attorney fees, costs, injunctive relief, and any other relief this Court may deem is fair and equitable.

**ANSWER:** As to ¶ 116, Defendant denies the allegations contained therein.

## STATE CLAIMS

## THIRD CAUSE OF ACTION

**(Relief Under §4112 of the Ohio Revised Code)**

117. Plaintiff incorporates the above retaliation claims and Exhibits as if fully rewritten herein.

**ANSWER:** As to ¶ 117, Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

118. Plaintiff states that the actions of the Defendant in retaliating against Plaintiff for filing her original lawsuit/administrative action against Defendant is clearly a violation of §4112 of the Ohio Revised Code.

**ANSWER:** As to ¶ 118, Defendant denies the allegations contained therein.

119. WHEREFORE, Plaintiff demands, as a result of said retaliation, compensatory damages of $250,000.00 attorney fees, costs, and any other relief this Court may deem is fair and equitable, including injunctive relief.

**ANSWER:** As to ¶ 119, Defendant denies the allegations contained therein.

## FOURTH CAUSE OF ACTION

**(Hostile Work Environment Under §4112)**

120. Plaintiff incorporates all of the above into this cause of action, along with Exhibits, as if fully rewritten herein.

**ANSWER:** As to ¶ 120, Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

121. Plaintiff states that the actions of Defendant in denying Plaintiff proper promotions and further in establishing a hostile work environment, is clearly a violation of the Ohio Revised Code. Said actions are inappropriate under the statute.

**ANSWER:** As to ¶ 121, Defendant denies the allegations contained therein.

122. WHEREFORE, Plaintiff demands compensatory damages of$200,000.00, pain, suffering, anguish, humiliation, and embarrassment, back pay, attorney fees, costs, promotion, injunctive relief, and any other relief this Court may deem is fair and equitable.

**ANSWER:** As to ¶ 122, Defendant denies the allegations contained therein.

123. Defendant denies each and every allegation not specifically admitted in this Answer.

124. Defendant hereby asserts the following defenses, which may include one or more affirmative defenses.

## AFFIRMATIVE AND OTHER DEFENSES

1. The First Amended Complaint fails in whole or in part to state a claim upon which relief may be granted.

2. The applicable statute of limitations may bar some or all of the claims in Plaintiff's First Amended Complaint.

3. This Court lacks subject matter jurisdiction over all or some of Plaintiff's claims.

4. Subject to a reasonable opportunity to conduct discovery, Plaintiff has failed to timely and/or properly exhaust her administrative remedies and/or failed to comply with those administrative prerequisites necessary to bring suit under Title VII, 42 U.S.C. § 2000(e),

et seq.

5. Defendant did not treat Plaintiff differently as compared with similarly situated employees, if any.

6. Plaintiff's claims against Defendant are barred in whole or in part by sovereign immunity and/or Eleventh Amendment immunity.

7. Subject to a reasonable opportunity to conduct discovery, Plaintiff's claims are barred by the equitable doctrines of unclean hands, estoppel, accord and satisfaction, waiver, and/or laches.

8. To the extent Plaintiff incurred any damages, such damages were the proximate result of her own conduct.

9. Plaintiff's damages, if any, are barred by her failure to mitigate.

10. Subject to a reasonable opportunity to conduct discovery, some or all of Plaintiff's claims and/or damages may be barred by the doctrine of after-acquired evidence.

11. Defendant did not discriminate, retaliate, harass, or engage in any unlawful conduct against Plaintiff at any time; all of Defendant's actions were reasonable, made in good faith, and based solely on legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons.

12. Defendant fully complied with the provisions and requirements of any applicable laws, including Title VII, 42 U.S.C. § 2000(e), et seq.

13. Plaintiff has no right to damages because Defendant would have made the same decisions and taking the same action absent any allegedly unlawful motivation.

14. Plaintiff unreasonably failed to utilize any preventive or corrective opportunities provided by Defendant or to avoid harm and Defendant exercised reasonable care to prevent and promptly correct any alleged harassment.

15. Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing or retaliatory acts or behavior on the part of Defendant's employees.

16. Plaintiff's claims for damages and other relief are barred in whole or in part by the limitations imposed by law as to the recovery of such damages or other relief.

17. Defendant expressly reserves the right to supplement this Answer and add additional defenses, including affirmative defenses, as discovery proceeds in this litigation.

WHEREFORE, Defendant respectfully requests that Plaintiff's First Amended Complaint be dismissed with prejudice at Plaintiff's costs, and that the Court award Defendant reasonable attorney's fees and such other relief to which it is entitled.

Respectfully submitted,

D. ANDREW WILSON (0073767)
Ohio Attorney General

***s/ Cathleen B. Slater***

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Principal Assistant Attorney General
TYLER J. BENSON (0105909)
Assistant Attorney General
Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215-3167
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@OhioAGO.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendant State of Ohio Department of Youth Services' Answer to Plaintiff's First Amended Complaint* was filed electronically on October 26, 2026. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***s/ Cathleen B. Slater***

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Principal Assistant Attorney General